**Wanda HARP, Appellant,**

v.

**VALLEY FORGE LIFE INSURANCE CO., Appellee.**

**No. 16124.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 24, 1979.

Rehearing Denied March 14, 1979.

Charles L. Franz, Jr., Harold L. Warford, San Antonio, for appellant.

Ralph K. Harrison, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

This is a suit upon an alleged contract of life insurance between appellee, Valley Forge Life Insurance Company, and the insured, William Harp, for the benefit of appellant, Wanda Harp, the surviving wife of the insured. The trial court entered a judgment on the jury verdict in favor of the appellee, and appellant has perfected her appeal to this court.

Bernard Nelson, a salesman for appellee, took a written application for life insurance from William Harp on October 17, 1973, accepted a check for the first premium payment of $29.60, and issued Mr. Harp a conditional premium receipt. It is undisputed that on the same occasion Nelson informed Harp that a physical examination was required by the company because of Harp's age and the amount of insurance for which he applied. It is further undisputed that no physical examination was taken by Mr. Harp prior to his death on November 17, 1973. No policy was issued upon the Harp application, but appellee instead returned to appellant the first premium tendered, without making a determination of the insurability of William Harp.

In those cases in which no physical examination is required by the company, Part II of the application consists of a medical history on the reverse side of Part I of the application. In those cases in which a physical examination is required by the company, the medical history on the reverse side of Part I of the application is not filled out, and Part II consists of the physical examination. Both appellant and appellee agree that the language of the conditional premium receipt relevant to the effective date of the insurance can be summarized as follows:

If the Company, after receiving Parts I and II of the application and such other information as it requires, determines to its satisfaction that the proposed insured was insurable under the Company's rules and standards, then the insurance shall take effect from the date of Part I or Part II, whichever is later.

The trial court submitted the following issues to the jury, who answered them as indicated:

SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that the failure of William J. Harp, Sr., to complete a physical examination was the consequence of the actions and neglect of Valley Forge Life Insurance Company?

.    .    .    .    .

[A]nswer: We Do Not.

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that under the circumstances then prevailing, Valley Forge Life Insurance Company arbitrarily refused to proceed to the formation of an opinion as to William J. Harp, Sr.'s insurability under the rules, limits and standards of the plan and amount applied for with Valley Forge Life Insurance Company?

.    .    .    .    .

[A]nswer: We Do Not.

William Harp was required to take a medical examination, and the jury found that his failure to take the medical examination was not caused by the acts of the appellee. Texas law on when insurance becomes effective under a conditional premium receipt is set forth in *National Life and Accident Insurance Co. v. Blagg,* 438 S.W.2d 905 (Tex.1969) and *United Founders Life Insurance Co. v. Carey,* 363 S.W.2d 236 (Tex.1962). Both cases deal with the issue of when life insurance becomes effective under a conditional premium receipt when a medical examination is required as part of the application process.

As expressed by the Supreme Court in *Carey,* a conditional premium receipt, similar to the one given William Harp, provided for temporary life insurance; and the insurance was to be effective on the date of completion of the applicant's medical examination if in the opinion of the company's

authorized officers he was on that date insurable and acceptable according to the terms of the receipt. The Court stated:

We thus conclude that the receipt issued to Bruce did provide for temporary insurance and that the insurance was to be effective on the date of the completion of his physical examination if in the opinion of the authorized officers of petitioner he was on that date insurable and acceptable according to the terms of the receipt.

363 S.W.2d at 243. It is clear from the partial statement of facts filed in this case that the temporary life insurance never became effective because the applicant failed to take the required physical examination.

All other points presented by appellant have been considered by this court and are without merit; therefore, they are overruled. The judgment of the trial court is affirmed.